Citation Nr: 1736739 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 13-23 799 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in Louisville, Kentucky


THE ISSUE

Entitlement to dependency and indemnity compensation (DIC) based upon service connection for the cause of the Veteran's death.


ORDER

Entitlement to DIC based upon service connection for the cause of the Veteran's death is denied. 


FINDINGS OF FACT

1. The Veteran served on active duty from January 1966 to January 1968, to include twelve months of service in Vietnam. He was awarded the Combat Infantry Badge, the Bronze Star Medal, and the Vietnam Campaign Medal, among other decorations for his combat service in Vietnam.

2. The Veteran died in March 2011. His death certificate listed the immediate cause of death as respiratory arrest due to sepsis due to adenocarcinoma of the stomach (hereinafter, gastric cancer).

3. The Appellant is the Veteran's surviving spouse. She filed an application for DIC benefits in May 2011. 

4. The Veteran was presumed to have been exposed to Agent Orange while in service. However, gastric cancer is not eligible for presumptive service connection under 38 C.F.R. § 3.309(e).

5. The Veteran's gastric cancer was not incurred in service, was not manifested to a compensable degree within a year of service, and was not caused by or related to Agent Orange exposure during service.


CONCLUSION OF LAW

The criteria for entitlement to DIC based upon service connection for the cause of the Veteran's death is denied. 38 U.S.C.A. §§ 1110, 1112, 1310, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.312 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an April 2012 RO rating decision. The Appellant was provided a video hearing before the undersigned Veterans Law Judge in May 2014. A transcript of the hearing has been associated with the claims file.

In May 2015, the Board remanded this matter for further evidentiary development. Having reviewed the record, the Board finds there is substantial compliance with its prior remand directives. Stegall v. West, 11 Vet. App. 268 (1998).

1. Procedural considerations

The Board has thoroughly reviewed all the evidence in the Veteran's VA files. In every decision, the Board must provide a statement of the reasons or bases for its determination, adequate to enable the Appellant to understand the precise basis for the Board's decision, as well as to facilitate review by the Court. 38 U.S.C.A. § 7104(d)(1) (West 2014); see Allday v. Brown, 7 Vet. App. 517, 527 (1995). Although the entire record must be reviewed by the Board, the Court has repeatedly found that the Board is not required to discuss, in detail, every piece of evidence. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000); Dela Cruz v. Principi, 15 Vet. App. 143, 149 (2001) (rejecting the notion that the Veterans Claims Assistance Act (VCAA) mandates that the Board discuss all evidence). Rather, the law requires only that the Board address its reasons for rejecting evidence favorable to the Appellant. See Timberlake v. Gober, 14 Vet. App. 122 (2000). The analysis below focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claim. The Appellant must not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake, infra. 

Neither the Appellant nor her representative has raised any issues with the duty to notify. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board...to search the record and address procedural arguments when the veteran fails to raise them before the Board."). Thus, the Board need not discuss any potential issues in this regard.

Regarding the duty to assist, the Appellant and her representative have not explicitly raised any procedural concerns under 38 C.F.R. § 3.159(c) (2016). However, in the July 2017 Appellate Brief, the Appellant's representative requested that "if the Board is unable to grant service connection for cause of death...[the Appellant] request[s] an Independent Medical Opinion from an expert outside of the VA to resolve the issue at hand." As the analysis set forth below explains, the preponderance of the evidence is against the Appellant's claim. The Board has considered the request; however, the evidence of record does not show that this case raises medical issues complex, controversial, or obscure enough to warrant such an outside examination under 38 C.F.R. §§ 3.328 and 20.901(d). Indeed, the representative failed to cite any medical evidence in support of this request that would warrant an independent medical opinion under these regulations. The Board finds there is sufficient evidence to adjudicate the Appellant's claim. As such, the Board declines to exercise its regulatory authority under 38 C.F.R. §§ 3.328 and 20.901(d) and denies the request. 

Reviewing the file, the Appellant has not alleged any deficiency with the conduct of her Board hearing as to the duties discussed in Bryant v. Shinseki, 23 Vet. App. 488, 496-97 (2010). In this regard, the Federal Circuit ruled in Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016), that a Bryant hearing deficiency was subject to the doctrine of issue exhaustion as laid out in Scott, 789 F.3d at 1378. Thus, the Board need not discuss any potential Bryant problem because the Appellant has not raised that issue before the Board. 

The Board is cognizant that the Appellant submitted a March 2017 written statement subsequent to the issuance of the Supplemental Statement of the Case. Initial RO review is assumed to be waived where a claimant submits evidence to the Board after submission of a substantive appeal in cases where the substantive appeal was filed on or after February 2, 2013. See 38 U.S.C.A. § 7105(e) (West 2014). Here, the Appellant's substantive appeal was filed after February 2, 2013, and thus, the Board finds the Appellant has waived initial RO consideration of this lay evidence. The Board may proceed to appellate consideration.

Finally, the Board notes that the pertinent regulations for consideration, including 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304, 3.307, 3.309, 3.312 (2016), were previously provided to the Appellant in the June 2013 Statement of the Case and will not be repeated here, unless deemed appropriate to do so by the Board. With these procedural considerations addressed, the Board now turns to analyzing and adjudicating the merits of the claim. 

2. Analysis 

Dependency and indemnity compensation may be awarded to a veteran's surviving spouse, children, or parents for death resulting from a service-connected or compensable disability. 38 U.S.C.A. § 1310 (West 2014); 38 C.F.R. § 3.312 (2016). In order to establish service connection for the cause of a veteran's death, the evidence must show that a disability incurred in or aggravated by service was either the principal cause of death or a contributory cause of death. 

The Appellant contends that service connection for the cause of the Veteran's death is warranted. See May 2012 lay statement. She asserts that the Veteran's stomach troubles began during service, and that he underwent surgery for stomach ulcers shortly after his return from service, in 1970 or 1972, and that following the ulcers, he continued to have a sensitive stomach and difficulty with digestion until his death. Id. She further asserts the Veteran's stomach problems, and eventual gastric cancer, were the result of in-service exposure to chemicals, including herbicidal agents. See March 2017 lay statement. 

After a review of all the evidence of record, the Board first finds that the Veteran had confirmed service in the Republic of Vietnam during the relevant time period required for presumptive service connection. While the Veteran's DD form 214 does not specifically indicate that he served in Vietnam, it does show that he had nearly one year of foreign service with the USARPAC and received the Vietnam Service Medal and the Vietnam Campaign Medal. Further, the Veteran's service treatment records contain a notation indicating he was treated in June 1966 at a battalion aid station with the Army Post Office (APO) address of 96345. This APO address has been verified by the Military Postal Service Agency as having been used for delivery to the Republic of Vietnam. In the April 2012 rating decision, the RO conceded that the Veteran had in-country service in the Republic of Vietnam. As such, the Veteran is presumed to have been exposed to herbicide agents, including Agent Orange.

The Board finds, however, that service connection for gastric cancer as due to exposure to herbicide agents is not warranted on a presumptive basis. The Institute of Medicine has concluded that "there is inadequate or insufficient evidence to determine whether there is an association between exposure to [herbicide agents] and stomach cancer." Veterans and Agent Orange: 2012 Update, p. 349 (National Academy of Sciences, 2012). Accordingly, gastric cancers are not among the diseases listed under 38 C.F.R. § 3.309(e) (2016). Therefore, presumptive service connection is not warranted for the Veteran's gastric cancer.

Additionally, the Board concludes that the weight of the evidence is against a finding of chronic symptoms of gastric cancer in-service, symptoms that manifested to a compensable degree within one year of service separation, or continuous symptoms since service separation. See 38 C.F.R. §§ 3.303(b), 3.307(a), and 3.309(a) (2016); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). In this regard, the Veteran's service treatment records are absent for any complaints of, diagnosis of, or treatment for gastric cancer and any symptoms that have been identified by the medical evidence of record as associated with gastric cancer. Further, the medical evidence of record does not demonstrate that the Veteran's gastric cancer manifested to a compensable degree within one year of service separation, or that he experienced continuous symptoms of gastric cancer since service separation. The Veteran was first diagnosed with gastric cancer in January 2011. Presumptive service connection is not warranted for gastric cancer.

The Board acknowledges the Appellant's contention that the Veteran began experiencing gastric ulcers immediately after service resulting in a partial gastrectomy surgery in 1970/1972. See May 2012 lay statement. Regrettably, the record does not contain any contemporaneous, competent medical evidence identifying the presence of gastric ulcers in-service, symptoms that manifested to a compensable degree within one year of service separation, or continuous symptoms since service separation. The Veteran's service treatment records are silent for complaints of or treatment for gastric ulcers. At various times in the record, the Veteran's reported post-service stomach surgery has been described as occurring in 1970 or 1972. During the Veteran's lifetime, he noted on a claims form the surgery was in 1973. Even granting the Appellant the benefit of the doubt and concluding the Veteran's surgery occurred in 1970, it would be outside the one year window considered for presumptive service connection. 

Further, the chronic conditions presumption only applies to the health conditions explicitly provided for in 38 C.F.R. § 3.309(a) (2016). Gastric ulcers are included in this list; however the record lacks any competent medical evidence definitively proving the Veteran was experiencing compensable gastric ulcers within the presumptive period. Admittedly, the Appellant has indicated the Veteran's 1970s surgical treatment records have been destroyed and are unavailable. See May 2012 lay statement. While the Board finds the Appellant's contentions to be credible, she lacks the requisite medical training and expertise to offer an opinion on a medical matter, including the diagnosis or etiology of a specific disability. Layno v. Brown, 6 Vet. App. 465, 470 (1994). While it is unfortunate the records have been destroyed, there must be some type of competent evidence - other than the Appellant stating it is so - showing the Veteran had gastric ulcers to a compensable degree during the presumptive period. By the Veteran's own statement on his claim in 2005, he indicated the surgery was in 1973, which would have been 5 years after service. On his PTSD examination in 2005, he stated the surgery was in 1971. Consequently, presumptive service connection is not warranted for the Veteran's alleged gastric ulcers, as there is no consistent history from the Veteran or the Appellant as to when the surgery occurred (although there has never been an allegation it was within the first year after service), nor any competent evidence of compensable symptoms of ulcers within the first year after service.

The Board will next consider whether service connection for the cause of the Veteran's death is warranted on a direct theory of causation. See Combee v. Brown, 34 F.3d 1039, 1042 (Fed. Cir. 1994). After a careful review of all the evidence of record, both lay and medical, the Board finds that the weight of the evidence is against a finding that the Veteran's gastric cancer was etiologically related to active service, to include exposure to Agent Orange.

Based on the evidence of record, the Board concedes that the Veteran was diagnosed with gastric cancer and that this condition was the primary cause of the Veteran's death. The Board also concedes that the Veteran experienced an in-service injury of exposure to Agent Orange. Nevertheless, the record does not contain a competent etiological opinion linking the Veteran's gastric cancer to any aspect of his military service, including his exposure to Agent Orange. In fact, the Veteran was afforded an Agent Orange examination in November 2003 in which the clinician concluded the Veteran's history of peptic ulcer disease [pud] with dyspepsia was NOT RELATED to Agent Orange exposure. See VA treatment records. Indeed, the record contains an extensive amount of medical records and no medical professional of record has ever linked the Veteran's gastric cancer to his active military service, including exposure to Agent Orange. The only person of record to make such a connection is the Appellant, who is without the expertise needed to issue a competent etiological opinion. Layno v. Brown, 6 Vet. App. at 470. In the absence of a competent medical opinion linking the Veteran's death to a disability incurred in or aggravated by service, the Appellant's claim is denied. 

In reaching this decision, the Board considered the doctrine of reasonable doubt. However, since the preponderance of the evidence is against the claim, the benefit of the doubt doctrine does not apply and the claim must be denied. 38 U.S.C.A. § 5107(b) (West 2014); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


____________________________________________
MICHELLE L. KANE 
Veterans Law Judge, Board of Veterans' Appeals


ATTORNEY FOR THE BOARD: M. Galante, Associate Counsel

Copy mailed to: Disabled American Veterans 
Department of Veterans Affairs